■ In the Matter of RAYMOND R. WALKER, Respondent-Appellant, v GEORGE D. SALERNO et al., Constituting the Board of Elections of the State of New York, Appellants-Respondents. — Cross appeals from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered September 1, 1982 in Albany County, which (1) denied petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare valid designating petitions naming petitioner as the Republican Party candidate for the office of Member of Congress from the 32nd Congressional District in the September 23, 1982 primary election, and (2) directed that an opportunity to ballot be provided Republican voters on primary day. Petitioner is an enrolled member of the Conservative Party. On August 10, 1982, petitions were filed with the respondent State Board of Elections (board) designating petitioner as the Republican Party candidate for the office of Member of Congress from the 32nd Congressional District. Petitioner executed and filed an acceptance of the designation, but no certificate of authorization was ever filed as required by subdivision 3 of section 6-120 of the Election Law. No objections to the petitions were filed but the board nevertheless invalidated the designation and the instant proceeding ensued. Special Term concluded that the board's determination to invalidate the designation was proper in view of petitioner's failure to file the required certificate of authorization. However, the court granted petitioner's alternative request for relief by directing that Republican voters be afforded the opportunity to write in the names of candidates for the office in question at the upcoming primary election. These cross appeals by petitioner and the board ensued. While we agree with Special Term that the failure to file a certificate of authorization, as required by subdivision 3 of section 6-120 of the Election Law, was a fatal defect (Election Law, § 1-106, subd 2), and that the board properly invalidated petitioner's designation on that ground, the granting of the opportunity for write-in balloting was, in our opinion, error. Although the court unquestionably has authority under section 16-100 of the Election Law to order an opportunity to ballot (*Matter of Brown v Ulster County Bd. of Elections*, 48 NY2d 614), such relief is properly afforded where there has been the "intention * * * manifested to nominate some candidate" by the political party involved (*Matter of Hunting v Power*, 20 NY2d 680, 681). Here, no such intention on the part of the Republican Party has been demonstrated. Although petitioner states that he has been indorsed by the respective county Republican committees within the 32nd Congressional District, the record contains nothing to indicate that such is the case. There has been no attempt at compliance with subdivision 3 of section 6-120 of the Election Law requiring a certificate of authorization, and permitting an

opportunity to ballot in such a case could result in fostering the very evil which this statute was intended to prevent. Judgment modified, on the law, by reversing so much thereof as provides for an opportunity to ballot at the Republican Primary Election to be held September 23, 1982, and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.