■ In the Matter of AUDREY G. HOCHBERG, Appellant, v ANTONIA D'APICE et al., Respondents, and ANTHONY J. COLA-

VITA et al., Respondents-Respondents. (Proceeding No. 1.) In the Matter of ANTHONY J. COLAVITA, Respondent, v ANTONIA D'APICE et al., Respondents, and AUDREY G. HOCHBERG, Appellant. (Proceeding No. 2.)—In proceedings to validate a petition seeking an opportunity to ballot and to invalidate said petition, the appeal is from a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated August 2, 1985, which granted a request that the voters of the Republican Party be afforded the opportunity to ballot at the upcoming primary election in the Eighth County Legislative District, County of Westchester, New York.

Judgment reversed, on the law, without costs or disbursements, proceeding to validate dismissed, and application to invalidate granted.

On July 22, 1985, the Board of Elections of Westchester County received a petition for an opportunity to ballot (Election Law § 6-164) in the Republican primary for County Legislator in the Eighth County Legislative District. Petitioner, the Democratic candidate for reelection in said district, filed objections to the petition and the Board of Elections invalidated certain signatures contained therein, determining that there would be no opportunity to ballot. Special Term concluded that the voters of the Republican Party should be afforded, on equitable grounds, the opportunity to write in the names of candidates for the office in question at the upcoming primary election and ordered that an opportunity to ballot be permitted.

While we agree that under certain circumstances the court has the authority to order an opportunity to ballot (*Matter of Hunting v Power,* 20 NY2d 680), in the instant case, unlike in *Hunting,* there was no ostensibly viable candidacy nullified by technical challenge, thereby depriving the party's voters of their manifest intent to field a candidate. In fact, the Republican Party herein failed to nominate any candidate for the office involved. Further distinguishing this case from *Hunting* is the fact the "opportunity to ballot" remedy fashioned therein was intended to permit voters to write in the name of the candidate whose designating petition failed to comply with the technical dictates of the Election Law. Here the opportunity to ballot petition *itself* was ruled defective and no candidate had been nominated by the Republican Party prior to said ruling. Accordingly, the judgment should be reversed. Brown, J. P., O'Connor, Weinstein, Kunzeman and Kooper, JJ., concur.