■ In the Matter of JOAN H. DIMMICK, Appellant, v ROBERT J. FLAVIN et al., Constituting the Board of Elections in the County of Monroe, Respondents.—Order unanimously affirmed, without costs. (Appeal from order of Supreme Court, Monroe County, Fritsch, J.) Present—Doerr, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ. (Decision entered Aug. 21, 1985.)

■ KATHERINE C. KEMP et al., Appellants, v MONROE COUNTY BOARD OF ELECTIONS et al., Respondents. (Action No. 1.) DONNA R. DISPENZA et al., Appellants, v MONROE COUNTY BOARD OF ELECTIONS et al., Respondents. (Action No. 2.)—Orders unanimously reversed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings on the petition. Memorandum: The law is established that an aggrieved party need not commence judicial proceedings prior to receiving written notice of the Board's ruling even if the 14-day period provided by Election Law § 16-102 (2) has expired *(Matter of Pell v Coveney,* 37 NY2d 494, 496; *Matter of Gartner v Salerno,* 74 AD2d 958, 959, *lv denied* 49 NY2d 704; *Matter of Vanderlip v Mahoney,* 59 AD2d 643; *Matter of Colvin v Romeo,* 59 AD2d 641, *lv denied* 42 NY2d 806; *Matter of Brownrout v Mahoney,* 45 AD2d 945, *lv denied* 34 NY2d 520).

Under the circumstances of this case, petitioners met their burden to commence proceedings promptly after receiving notice. (Appeal from orders of Supreme Court, Monroe County, Fritsch, J.—Election Law.) Present—Doerr, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ. (Decision entered Aug. 21, 1985.)