■ In the Matter of EUGENE QUAGLIA et al., Respondents, v SANDRA LEFEVER et al., Respondents, and WILLIAM WARREN, Appellant.—In a proceeding, *inter alia,* to validate a petition designating Eugene Quaglia as a candidate in the Republican Party primary election to be held on September 15, 1988, for the public office of Family Court Judge of the County of Rockland, the appeal is from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Walsh, J.), dated August 16, 1988, as granted the petitioners' application to direct the respondent Rockland County Board of Elections to provide an opportunity to ballot by providing for a write-in at the primary election.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the application is denied.

The petitioner Eugene Quaglia's petition purporting to designate him as the Republican candidate for the public office of Family Court Judge of the County of Rockland was invalidated by the Rockland County Board of Elections because it contained fewer than the requisite 1,620 signatures of enrolled voters in the Republican Party *(see,* Election Law § 6-136). Quaglia's subsequent challenge in the Supreme Court, Rockland County, to Election Law § 6-136 as unconstitutional was denied. However, relying upon *Matter of Brown v Ulster County Bd. of Elections* (48 NY2d 614), the court granted the alternative relief requested by Quaglia by directing the Board "to prepare a ballot so that registered Republicans may write in the name of candidates for the office of Family Court Judge of Rockland County". We reverse.

A candidate may be granted the opportunity to ballot by write-in where the political party involved has manifested the "intention * * * to nominate some candidate" for the office to which the candidate seeks to be designated *(Matter of Hunting v Power,* 20 NY2d 680, 681; *see also, Matter of Walker v Salerno,* 89 AD2d 1031, *affd* 57 NY2d 739) by submitting a facially valid designating petition, which has otherwise failed to be sustained and which would leave the political party without a designated candidate for that office *(see, Matter of Brown v Ulster County Bd. of Elections, supra).* However, where, as at bar, the designating petition is facially invalid because of the failure to obtain the statutorily required minimum number of signatures, the candidate is not entitled to ballot by write-in *(see,* Election Law § 6-158 [4]; § 6-164). Brown, J. P., Kunzeman, Eiber and Kooper, JJ. concur.