■ In the Matter of RICHARD L. WEINGARTEN, as Democratic Party Chairperson, et al., Appellants, v ANTONIA D'APICE et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents.—In a proceeding to validate a petition designating Derickson K. Lawrence as a candidate in the Democratic Party primary election to be held on

September 12, 1989, for the public office of Westchester County Legislator for the 11th County Legislative District, the appeal is from a judgment of the Supreme Court, Westchester County (Nastasi, J., on decision; Burrows, J., on judgment), dated August 23, 1989, which denied an application for authorization for an opportunity to ballot. The notice of appeal from the decision dated August 11, 1989 is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court did not improvidently exercise its discretion in denying the petitioners' application for an opportunity to ballot. The Westchester County Board of Elections struck down more than half of the signatures on the designating petition, including those of 183 persons who either resided outside the 11th County Legislative District or were not registered in the Democratic Party. The signatures remaining were well under the number of valid signatures required. Although the court has the power to authorize an opportunity to ballot under certain circumstances (see, Matter of Hunting v Power, 20 NY2d 680), here, unlike in Matter of Hunting v Power (supra) and Matter of Venezia v Albanese (153 AD2d 723), "there was no ostensibly viable candidacy nullified by technical challenge, thereby depriving the party's voters of their manifest intent to field a candidate" (Matter of Hochberg v D'Apice, 112 AD2d 1067, 1068; see also, Matter of Quaglia v Lefever, 143 AD2d 238). Kunzeman, J. P., Eiber, Spatt, Harwood and Balletta, JJ., concur.