OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the applications for an order directing the Board of Elections to hold a write-in primary election denied.
The "opportunity to ballot” remedy fashioned in Matter of Hunting v Power (20 NY2d 680) was designed to give effect to the intention manifested by qualified party members to nominate some candidate, where that intention would otherwise be thwarted by the presence of technical, but fatal defects in designating petitions, leaving the political party without a designated candidate for a given office. It was not intended to be a generally available substitute for the petition process set forth in article 6 of the Election Law. That legislatively prescribed process ensures that there is a sufficient level of support among party members eligible to vote for the office to justify placing a particular candidate’s name on the primary ballot or, in the case of a petition under Election Law § 6-164, that there is sufficient voter interest to justify holding a primary election by write-in ballot.
Thus, courts should invoke the Hunting remedy only where the defects which require invalidation of a designating petition are technical in nature and do not call into serious question the existence of adequate support among eligible voters (see, Matter of Quaglia v Lefever, 143 AD2d 238, lv denied 72 NY2d 805; Matter of Santoro v Kujawa, 133 AD2d 534, lv denied 70 NY2d 724; Matter of Hochberg v D'Apice, 112 AD2d 1067, affd 65 NY2d 960). This case — where a majority of the signatures on the designating petitions of each *798 candidate were invalid because they were obtained from persons who were ineligible to sign the petitions, either because they lived outside the district, were not registered voters or were not members of the Democratic Party — does not qualify for the exceptional equitable remedy of a write-in primary. The number of signatures obtained from eligible persons, even if technical defects are ignored, fell far short of the number required by statute for party designation or to petition for a write-in primary (see, Election Law § 6-164).
Nor may the valid signatures obtained by the two candidates be aggregated to supply a predicate for the relief requested. Inasmuch as we are dealing with the primary designation of a particular party, as opposed to the general election, our holding does not disenfranchise any voters at the general election.