76 N.Y.2d 848 (1990)
In the Matter of John M. Plunkett, Appellant-Respondent,
v.
Edward J. Mahoney et al., Constituting the Board of Elections of the County of Erie, Respondents, and Vincent J. Sorrentino, as Chairman of the Erie County Democratic Party, et al., Respondents-Appellants.
Court of Appeals of the State of New York.
Argued August 29, 1990.
Decided August 30, 1990.
John M. Plunkett, pro se, and C. Russell Kelleran, Jr., for John M. Plunkett, appellant-respondent.
Dennis E. Ward for respondents-appellants.
Patrick F. NeMoyer, County Attorney, for respondents.
Concur: Chief Judge WACHTLER and Judges SIMONS, KAYE, ALEXANDER and BELLACOSA. Judge HANCOCK, JR., dissents in part and votes to affirm in a memorandum in which Judge TITONE concurs.
Order modified, without costs, by denying the cross petition for the reasons stated in the dissenting in part memorandum by Justices Boomer and Lowery at the Appellate Division (___ AD2d ___) and, as so modified, affirmed. We add only that failure to timely file a certificate of authorization, which was required in this instance in order for there to be a valid designating petition (Election Law § 6-120 [3]), constituted a "fatal defect" under Election Law § 1-106 (2). Moreover, because the petition is void under the statute, the defect cannot be considered merely "technical" (see, Matter of Harden v Board of Elections, 74 N.Y.2d 796).
HANCOCK, JR., J. (dissenting in part).
I would affirm essentially for the reasons stated by the majority at the Appellate Division.
In my view, the three-day delay in filing the certification of authorization (Election Law § 6-120 [3]) is clearly a "technical defect" of the type which falls within the exception established in Matter of Harden v Board of Elections (74 N.Y.2d 796). The result reached by the majority effectively abolishes the equitable remedy fashioned in Matter of Hunting v Power (20 N.Y.2d 680) which the court recently acknowledged was "designed to give effect to the intention manifested by qualified party members to nominate some candidate, where that intention would otherwise be thwarted by the presence of technical, but fatal defects in designating petitions, leaving the political party without a designated candidate for a given office." (Matter of Harden v Board of Elections, supra, at 797.) It is undisputed here that the electorate has manifested its desire to nominate some candidate. (Cf., Matter of Walker v Salerno, 89 AD2d 1031, affd on opn below 57 N.Y.2d 739.)
Order modified, etc.