Hancock, Jr., J.
(dissenting in part). I would affirm essentially for the reasons stated by the majority at the Appellate Division.
In my view, the three-day delay in filing the certification of authorization (Election Law § 6-120 [3]) is clearly a "technical defect” of the type which falls within the exception established in Matter of Harden v Board of Elections (74 NY2d 796). The result reached by the majority effectively abolishes the equitable remedy fashioned in Matter of Hunting v Power (20 NY2d 680) which the court recently acknowledged was "designed to give effect to the intention manifested by qualified party members to nominate some candidate, where that intention would otherwise be thwarted by the presence of technical, but fatal defects in designating petitions, leaving the political party without a designated candidate for a given office.” (Matter of Harden v Board of Elections, supra, at 797.) It is undisputed here that the electorate has manifested its desire to nominate some candidate. (Cf., Matter of Walker v Salerno, 89 AD2d 1031, affd on opn below 57 NY2d 739.)
Order modified, etc.