■ In the Matter of STEPHEN Q. GRAY et al., Respondents, v AUDREY G. HOCHBERG, Appellant, et al., Respondents.—In a proceeding to validate a petition seeking an opportunity to ballot in the Republican Party primary election to be held on September 12, 1991, for the public office of Westchester County Legislator for the Eighth County Legislative District, the appeal is from so much of a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated August 19, 1991, as granted the application only to the extent of directing that the voters of the Republican Party be afforded the opportunity to ballot at the Republican Party primary election for the public office of Westchester County Legislator for the Eighth County Legislative District.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the proceeding is dismissed.

The petition for an opportunity to ballot was defective because of insufficient signatures *(see, Matter of Hochberg v D'Apice,* 112 AD2d 1067, 1068, *affd* 65 NY2d 960). In any event, an opportunity to ballot may be afforded where there is a ostensibly viable candidacy nullified by technical challenge, thereby depriving the party's voters of their manifest intent to field a candidate *(Matter of Hochberg v D'Apice, supra,* at 1068). No such circumstances were present here. Not only was the sole designating petition facially invalid because of the failure to obtain the required minimum number of signatures

*(see, Matter of Quaglia v Lefever,* 143 AD2d 238), but, in addition, that petition was never even filed. Mangano, P. J., Thompson, Sullivan and Lawrence, JJ., concur.