■ In the Matter of DAVID G. PROUD, Appellant-Respondent, v MARGUERITE L. RELIN et al., Constituting the Monroe County Board of Elections, Respondents, and JOHN A. STANWIX et al., as Members of a Committee Authorized to Fill Vacancies, et al., Respondents-Appellants.—Order modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: The court has the discretion to order an "opportunity to ballot" as justice requires where a candidate's designation has been invalidated by a technical defect *(Matter of Harden v Board of Elections,* 74 NY2d 796; *Matter of Hunting v Power,* 20 NY2d 680). Here, petitioner challenged a candidate selected to fill a vacancy by the committee to fill vacancies because the same candidate had previ-

ously declined that position. This situation was not contemplated by section 6-148 of the Election Law. Thus, the court properly invalidated the designation of William D. Reilich as a candidate for the office of Monroe County Legislator for the Fifth District (see, Curtin v Mahoney, 52 AD2d 716, 717; Matter of Nestler v Cohen, 242 App Div 726, appeal dismissed 265 NY 576). Since this was not merely a technical defect, the court erred in providing an "opportunity to ballot" for that position (Matter of Plunkett v Mahoney, 76 NY2d 848; Matter of Harden v Board of Elections, supra, at 797-798; Matter of Santoro v Kujawa [appeal No. 2.], 133 AD2d 534, lv dismissed 70 NY2d 724).

All concur, except Balio and Lawton, JJ., who dissent in part and vote to affirm for reasons stated in decision at Supreme Court, Cornelius, J. (Appeals from Order of Supreme Court, Monroe County, Cornelius, J.—Election Law.) Present —Callahan, A. P. J., Denman, Green, Balio and Lawton, JJ. (Order entered Sept. 5, 1991.)