(August 24, 1994)

■ In the Matter of PETER BEE, Appellant, v STEPHEN J. SABBETH et al., Respondents, and NASSAU COUNTY BOARD OF ELECTIONS, Respondent. [615 NYS2d 934] —In a proceeding to invalidate a petition designating Brian P. Paradine as a candidate in a primary election to be held on September 13, 1994, for nomination of the Democratic Party as its candidate for the public office of State Senator for the Sixth Senatorial District, the appeal is from a judgment of the Supreme Court, Nassau County (DeMaro, J.), dated August 9, 1994, which granted the individual respondents' cross claim for an opportunity to ballot.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the cross claim is denied.

After filing specific objections to the designating petition with the Nassau County Board of Elections (hereinafter the Board) on July 25, 1994, the petitioner, Peter Bee, commenced the present proceeding in Supreme Court, Nassau County, to invalidate the designating petition. On August 4, 1994, the Board ruled that 131 of the 1,004 signatures contained in the designating petition were invalid. Since 1,000 signatures are needed to place a candidate on the ballot, the Board ruled that the entire designating petition was invalid.

On the date set for the hearing in the present proceeding, the petitioner withdrew his challenge in light of the favorable ruling by the Board. However, the individual respondents cross-claimed for an opportunity to ballot. Since the parties agreed to the accuracy of the Board's report, the only issue addressed by the Supreme Court was the individual respondents' cross claim for an opportunity to ballot.

Of the 131 signatures that were invalidated by the Board, 98 were invalidated because they were obtained from persons who lived outside of the district, who were not registered to

vote, or who were not enrolled in the Democratic Party. The Supreme Court found that these 98 signatures were invalid due to substantive defects. Nevertheless, it found that justice required that the cross claim be granted because its denial would leave a major party without a designated candidate in a general election. Thus, the Supreme Court ordered that the Board "provide the registered Democratic voters of the 6th Senatorial District an opportunity to ballot by paper ballot on Primary Day, September 13, 1994."

The Supreme Court improperly granted the cross claim. "The 'opportunity to ballot' remedy fashioned in *Matter of Hunting v Power* (20 NY2d 680) was designed to give effect to the intention manifested by qualified party members to nominate some candidate, where that intention would otherwise be thwarted by the presence of technical, but fatal defects in designating petitions, leaving the political party without a designated candidate for a given office" *(Matter of Harden v Board of Elections,* 74 NY2d 796, 797). Here, the signatures on the designating petition were invalidated due to substantive, rather than technical, defects. Once these substantively defective signatures were removed, the designating petition was rendered facially invalid because of the failure to obtain the statutorily required number of signatures *(see,* Election Law § 6-164). Therefore, the opportunity-to-ballot remedy is not available to the cross-claimants *(see, Matter of Harden v Board of Elections, supra; Matter of Quaglia v Lefever,* 143 AD2d 238). Mangano, P. J., Sullivan, Miller, Krausman and Goldstein, JJ., concur.