■ In the Matter of NICHOLAS A. LONGO et al., Respondents, v MARY G. LOEFFLER et al., Appellants, et al., Respondents. [661 NYS2d 53] —In a proceeding to invalidate a petition seeking an opportunity to ballot for Catherine Nowicki in a primary election to be held on September 9, 1997, for nomination of the Conservative Party as its candidate for the position of Rockland County Legislator for the Fourth District, the appeal is from a judgment of the Supreme Court, Rockland County (Rosato, J.), dated August 12, 1997, which granted the petitioners' application and declared the petition for an opportunity to ballot invalid and null and void.

Ordered that the judgment is affirmed, without costs or disbursements.

The opportunity to ballot remedy is to be used only in exceptional cases where the defects in the designating petition are technical in nature *(see, Matter of Plunkett v Mahoney,* 76 NY2d 848). The failure to timely file a certificate of authorization, which was required in order for there to be a valid designating petition in the instant matter *(see,* Election Law § 6-120 [3]), constituted a "fatal defect" under Election Law

§ 1-106 (2), rather than a technical defect *(see, Matter of Plunkett v Mahoney, supra)*. Accordingly, the Supreme Court properly invalidated the petition for an opportunity to ballot. Mangano, P. J., Thompson, Pizzuto, Krausman and Goldstein, JJ., concur.