■ In the Matter of JESSIE E. RICHARDSON, Respondent, v LUCILLE L. BRITT et al., Appellants. [662 NYS2d 332] —Order unanimously affirmed without costs. Memorandum: Respondents appeal from an order that granted the petition seeking validation of petitioner's designating petitions. Respondents contend that petitioner's validation proceeding was not timely commenced pursuant to Election Law § 16-102 (2). Pursuant to that subdivision, candidates who petition for validation of their designating petitions must do so within 14 days from the last day upon which petitions must be filed or within three business days after the board with which such petition was filed "makes a determination of invalidity", whichever is later. The Niagara County Board of Elections (Board) invalidated petitioner's designating petitions on July 23, 1997. The 14-day time period expired the next day because the last day to file petitions was July 10, 1997. The issue therefore is whether petitioner complied with the three-day time period.

Petitioner was informed by telephone by an Election Commissioner on July 25, 1997 that his petitions had been invalidated, and again on July 28, 1997, when he inquired at the Board's office. When petitioner went to the Board's office on July 28, 1997, he was given a copy of the minutes of the Board's decision. On both occasions, petitioner was informed that he would soon receive a notice of determination. The notice of determination, postmarked July 30, 1997, was received in the mail by petitioner on July 31, 1997. Petitioner filed his petition on August 5, 1997, three business days after his receipt of the notice of determination.

Pursuant to Election Law § 6-154 (3), once the Board made the determination that the petitions were insufficient, the Board was required to give notice of the determination "forth-

with by mail", and we have previously held that "an aggrieved party need not commence judicial proceedings prior to receiving written notice of the Board's ruling" (*Kemp v Monroe County Bd. of Elections*, 113 AD2d 1019). Thus, the three-day time period did not begin to run until petitioner received the notice of determination by mail, and therefore the proceeding to validate his petitions was timely commenced.

Respondents have not pursued in their appeals the substantive issues regarding the designating petitions, and those issues are therefore deemed abandoned (*see, Ciesinski v Town of Aurora*, 202 AD2d 984). (Appeals from Order of Supreme Court, Niagara County, Joslin, J.—Election Law.) Present—Green, J. P., Wisner, Doerr, Balio and Boehm, JJ. (Filed Aug. 20, 1997.)