■ In the Matter of DOUGLAS J. JOBSON, Respondent, v KENNETH R. INGENITO, Appellant, and ROCKLAND COUNTY BOARD OF ELECTIONS, Respondent. [665 NYS2d 290] —In a proceeding pursuant to Election Law § 16-102, *inter alia,* to review a determination of the Rockland County Board of Elections declaring a tie between the petitioner, Douglas J. Jobson, and Kenneth R. Ingenito in a primary election held on September 9, 1997, for the candidacy of the Conservative Party for the Office of County Legislator, District No. 1, Town of Stony Point, Rockland County, Kenneth R. Ingenito appeals from so much of a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated September 30, 1997, as determined that his challenge to the petitioner's opportunity to ballot petition was not timely made.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring the appellant, Kenneth R. Ingenito, the candidate of the Conservative Party for the Office of County Legislator, District No. 1, Town of Stony Point, Rockland County.

Under the particular circumstances of this case, we conclude that the appellant could not have commenced a valid proceeding challenging the opportunity to ballot petition within the 14-day period set forth in Election Law § 16-102 (2). Furthermore, since the appellant subsequently received the nomination of the Conservative Party for the Office of County Legislator, District No. 1, Town of Stony Point, Rockland County, he could not have commenced a valid proceeding to challenge the results of the primary election within 10 days of that election pursuant to Election Law § 16-102 (2).

On September 19, 1997, the petitioner timely commenced this proceeding to challenge the results of the primary. Since the appellant timely served his answer in this proceeding, the merits of the petitioner's claims must be determined. As the Supreme Court properly found, absent a Wilson-Pakula authorization, the opportunity to ballot procedure is not available to the petitioner under the circumstances of this case (*see, Matter of Plunkett v Mahoney,* 76 NY2d 848; *Matter of Harden v Board of Elections,* 74 NY2d 796, 797; *Matter of Longo v Loeffler,* 242 AD2d 348). Accordingly, the petitioner's candidacy was invalid and a judgment should be entered declaring the appellant, Kenneth R. Ingenito, the candidate of the Conservative Party for the Office of County Legislator, District No. 1, Town of Stony Point, Rockland County. Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.