(August 20, 1999)

■ In the Matter of Louis F. DeCicco et al., Respondents, v Chemung County Board of Elections, Respondent, and Daniel J. Chapman et al., as Members of the Committee to Receive Notices, Appellants. [694 NYS2d 528] —Per Curiam. Appeal from an order of the Supreme Court (Buckley, J.), entered August 9, 1999 in Chemung County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the opportunity to ballot petition for the Conservative Party nomination for the office of Chemung County District Attorney in the September 14, 1999 primary election.

In this case, supporters for John Trice circulated two petitions among enrolled Conservative Party members. One petition sought to designate Trice as the Conservative Party candidate for the office of Chemung County District Attorney in the upcoming primary election while the other was an opportunity to ballot petition for the same office. Both petitions contained the same signatories and were signed on the same date. Following the invalidation of Trice's designating petition for failure to receive the required certificate of authorization from the Conservative Party, the opportunity to ballot petition was accepted by the local board of elections and subsequently invalidated by Supreme Court, giving rise to this appeal.

Although Supreme Court invalidated the opportunity to ballot petition in reliance upon *Matter of Longo v Loeffler* (242 AD2d 348, *lv denied* 90 NY2d 805), a case involving virtually identical facts, our affirmance of Supreme Court's order in this case is based upon a different analysis.

We hold that Election Law § 6-134 (3) applies to the opportunity to ballot petition at issue in this case. Having so concluded, we find that the opportunity to ballot petition signed on the same date by the same enrolled Conservative Party members who signed Trice's designating petition was invalid as violative of Election Law § 6-134 (3).

Cardona, P. J., Mercure, Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.