■ In the Matter of ART BOWEN, Appellant, v ULSTER COUNTY BOARD OF ELECTIONS et al., Respondents. [800 NYS2d 245]—

Per Curiam. Appeal from that part of a judgment of the Supreme Court (Bradley, J.), entered August 4, 2005 in Ulster County, which, in a proceeding pursuant to Election Law § 6-102, provided registered voters of the Independence Party with an opportunity to ballot for the office of Ulster County Legislator for the 3rd Legislative District in the September 13, 2005 primary election.

On July 12, 2005, a designating petition containing 31 signatures was filed with respondent Ulster County Board of Elections purporting to designate respondents Richard A. Parete, Peter G. Kraft and Robert Parete (hereinafter collectively referred to as respondents) as candidates for the Independence Party nomination for Ulster County Legislator for the 3rd Legislative District in the September 13, 2005 primary election. Petitioner commenced this proceeding seeking to invalidate the designating petition. Petitioner contended, among other things, that 19 of the 31 signatures were invalid (leaving 12 valid signatures) and, therefore, the petition did not contain the requisite number of signatures in accordance with Election Law § 6-136, which in this case amounts to 17 signatures.

At the ensuing hearing, respondents conceded that they lacked the required number of valid signatures, but they nevertheless requested that the Independence Party voters be given an opportunity to ballot for the subject public office on primary day. Based on respondents' concession, Supreme Court granted the petition and invalidated the designating petition. In so doing, however, Supreme Court granted respondents' request for the opportunity to ballot, finding that the legally fatal defects to the designating petition were largely technical and that it was the clear intention of the Independence Party to select a candidate for the November 2005 general election. Petitioner appeals.

"The 'opportunity to ballot' . . . was designed to give effect to the intention manifested by qualified party members to nominate some candidate, where that intention would otherwise be thwarted by the presence of technical, but fatal defects in designating petitions, leaving the political party without a designated candidate for a given office" (*Matter of Harden v Board of Elections in City of N.Y.*, 74 NY2d 796, 797 [1989]).

Furthermore, courts should invoke the exceptional equitable remedy of opportunity to ballot "only where the defects which require invalidation of a designating petition are technical in nature and do not call into serious question the existence of adequate support among eligible voters" (*id.*). The dispositive issue, therefore, is whether the defects in five of the 19 invalid signatures can be characterized as technical.

Initially, respondents agree that three of the challenged signatures are invalid for nontechnical reasons inasmuch as the individuals were not qualified to sign the petition due either to not being a member of the Independence Party, no registered voter residing at the address indicated on the petition or having previously signed a prior petition. In reviewing the remaining challenges, 12 of the signatures on the petition are challenged on the basis that they failed to comply with the statutory requirement to accurately designate the signers' town or city (*see* Election Law § 6-130; *see also Matter of Ptak v Erie County Bd. of Elections*, 307 AD2d 1072 [2003]; *D'Amico v Mahoney*, 115 AD2d 348 [1985]). Since compliance with this statutory requirement has been described as "a matter of substance and not of form" (*Matter of Stoppenbach v Sweeney*, 98 NY2d 431, 433 [2002]), we are constrained to conclude that the defect in these 12 signatures is nontechnical. We need not address the remaining four challenged signatures because, even if their defects were found to be merely technical, respondents still would not have the statutory number of valid voter signatures required in order to file a designating petition (*see* Election Law § 6-136).

Mercure, J.P., Crew III, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as provides registered voters of the Independence Party with an opportunity to ballot for the office of Ulster County Legislator for the 3rd Legislative District in the September 13, 2005 primary election, and, as so modified, affirmed.