Per Curiam.
Appeal from an order of the Supreme Court (Mott, J.), entered August 5, 2013 in Ulster County, which, in a proceeding pursuant to Election Law § 16-102, provided registered voters of the Democratic Party with an opportunity to ballot for the public office of Ulster County Legislator for the 12th Legislative District in the September 10, 2013 primary election.
On July 10, 2013, a designating petition was filed with the Ulster County Board of Elections designating respondent Miguel A. Garcia as a candidate for the Democratic Party nomination for Ulster County Legislator for the 12th Legislative District in the September 10, 2013 primary election. Petitioner, the Republican Party candidate for that office, thereafter commenced this proceeding seeking to invalidate Garcia’s designating petition contending, among other things, that 24 of the 82 signatures set forth thereon were invalid and, therefore, the petition did not contain the 65 valid signatures required to place Garcia on the ballot (see Election Law § 6-136). The parties *682 subsequently stipulated that Garcia’s designating petition did not contain the required number of valid signatures, prompting him to request that Democratic Party voters be granted an opportunity to ballot. Supreme Court granted such request, and this appeal by petitioner ensued.
We reverse. “The ‘opportunity to ballot’ remedy . . . was designed to give effect to the intention manifested by qualified party members to nominate some candidate, where that intention would otherwise be thwarted by the presence of technical, but fatal defects in designating petitions, leaving the political party without a designated candidate for a given office” (Matter of Harden v Board of Elections in City of N.Y., 74 NY2d 796, 797 [1989]; accord Matter of Bowen v Ulster County Bd. of Elections, 21 AD3d 693, 694 [2005], lv denied 5 NY3d 706 [2005]; see Matter of Landry v Mansion, 65 AD3d 803, 805 [2009]). The case law makes clear, however, that this discretionary remedy (see Matter of Landry v Mansion, 65 AD3d at 805; Matter of Bowen v Ulster County Bd. of Elections, 21 AD3d at 695; Matter of Proud v Relin, 176 AD2d 1197, 1197 [1991]) “was not intended to be a generally available substitute for the petition process set forth in article 6 of the Election Law” (Matter of Harden v Board of Elections in City of N.Y., 74 NY2d at 797). Accordingly, a court should grant an opportunity to ballot “only where the defects which require invalidation of a designating petition are technical in nature and do not call into serious question the existence of adequate support among eligible voters” {id.). Such a determination, in turn, typically occurs following a hearing, at which the specific reasons for invalidating the affected signatures may be established (see e.g. Matter of Bowen v Ulster County Bd. of Elections, 21 AD3d at 694; Matter of Bee v Sabbeth, 207 AD2d 506, 506 [1994]). Notably, a challenge directed to an individual’s eligibility to sign a candidate’s designating petition in the first instance implicates a substantive — as opposed to technical— defect (see Matter of Harden v Board of Elections in City of N.Y., 74 NY2d at 797-798; Matter of Bowen v Ulster County Bd. of Elections, 21 AD3d at 695; Matter of Bee v Sabbeth, 207 AD2d at 506-507), and where a majority of the contested signatures are disqualified for such substantive defects, “the exceptional equitable remedy of a write-in primary” will not lie (Matter of Harden v Board of Elections in City of N.Y., 74 NY2d at 798).
Here, although this matter was set down for a hearing, the parties opted instead to enter into a stipulation, which simply recited — without elaboration — that Garcia’s designating petition “lack[ed] the requisite number of signatures necessary to qualify as a candidate for [Legislator for District 12 of the *683 Ulster County Legislature.” The transcript of the parties’ subsequent appearance before Supreme Court, at which time the stipulation was placed upon the record, is similarly lacking in detail. As a result, although Supreme Court found that the subject signatures “were invalidated for various technical, but statutorily fatal[,] flaws” and, further, that “[t]he number of signatures obtained from eligible [voters] was close to the number required by statute for party designation,” there is no record support for these findings. Indeed, the record before us is silent as to the number of signatures ultimately agreed to be invalid, the nature of the particular defects (substantive or technical) giving rise thereto and, finally, the remaining number of signatures obtained from eligible voters. Under these circumstances, the record does not permit us to conclude that the challenged signatures were invalidated for technical reasons and, further, that there were a sufficient number of valid signatures remaining to “justify holding a primary election by write-in ballot” (Matter of Harden v Board of Elections in City of N.Y., 74 NY2d at 797). Absent such evidence, the opportunity to ballot remedy was not appropriately applied in this matter.
Peters, P.J., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs.