Matter of Trevisani v Karp (2018 NY Slip Op 05966)





Matter of Trevisani v Karp


2018 NY Slip Op 05966


Decided on September 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


891.1 CAE 18-01508

[*1]IN THE MATTER OF DANIEL J. TREVISANI, PETITIONER-APPELLANT,
v
JORDAN S. KARP, MICHAEL F. GALIMO, II, DEMOCRATIC COMMISSIONER, ROSE MARIE GRIMADLI, REPUBLICAN COMMISSIONER, AND ONEIDA COUNTY BOARD OF ELECTIONS, RESPONDENTS-RESPONDENTS.






ADAM FUSCO, ALBANY, FOR PETITIONER-APPELLANT. 
JORDAN S. KARP, RESPONDENT-RESPONDENT PRO SE. 
PETER M. RAYHILL, COUNTY ATTORNEY, UTICA (ROBERT E. PRONTEAU OF COUNSEL), FOR RESPONDENT-RESPONDENT ONEIDA COUNTY BOARD OF ELECTIONS. 


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered August 22, 2018 in a proceeding pursuant to Election Law article 16. The order denied and dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the facts by directing that respondent Oneida County Board of Elections provide registered voters of the Republican Party with an opportunity to ballot for one candidate for the office of Town Councilperson, Second Ward, in the Town of New Hartford at the September 13, 2018 primary election and as modified the order is affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Election Law § 16-102 seeking an order validating a nominating petition pursuant to which he sought to be placed on the primary election ballot for the Republican Party as a candidate for the office of Town Councilperson, Second Ward, in the Town of New Hartford. Upon objections filed by respondent Jordan S. Karp, respondent Oneida County Board of Elections (Board) had invalidated the nominating petition on the ground that it lacked sufficient valid signatures. In his petition, petitioner contended that certain signatures that were found invalid by the Board were in fact valid. Supreme Court agreed with petitioner with respect to two of the signatures at issue, but determined that the nominating petition contained only 72 valid signatures when 73 were required. Petitioner now appeals from an order that dismissed the petition.
As an initial matter, we agree with petitioner that this proceeding was timely commenced pursuant to Election Law § 16-102 (2) (see Matter of Richardson v Britt, 242 AD2d 857, 857-858 [4th Dept 1997], lv denied 90 NY2d 805 [1997]).
Petitioner contends that the court erred in determining that certain signatures on the nominating petition had been forged inasmuch as respondents failed to present testimony from a handwriting expert or from witnesses with knowledge of the identity of the person who provided the signatures, i.e., from a person who signed the nominating petition and/or the voter registration card. That contention is not preserved for our review (see generally Matter of Iocovozzi v Herkimer County Bd. of Elections, 76 AD3d 797, 798 [4th Dept 2010]) and, in any event, we conclude that it is without merit. A court sitting as the trier of fact "may make [its] own comparisons of handwriting samples in the absence of expert testimony on the subject" (Matter of Smith v Coughlin, 198 AD2d 726, 726 [3d Dept 1993]; see CPLR 4536; see also People v Hunter, 34 NY2d 432, 435-436 [1974]). Thus, the court was authorized to make [*2]findings with respect to the validity of the signatures on the nominating petition by making its own comparison of those signatures to the signatures on the voter registration rolls (see generally Matter of Powell v Tendy, 131 AD3d 645, 645 [2d Dept 2015]; Matter of Felder v Storobin, 100 AD3d 11, 18 [2d Dept 2012]; Matter of Hosley v Valder, 160 AD2d 1094, 1096 [3d Dept 1990]).
Contrary to petitioner's further contention, the court did not err in comparing the signatures contained on petitioner's nominating petition to the signatures contained on the voter registration rolls, rather than merely comparing the names and addresses on the nominating petition with the names and addresses on the voter registration rolls (see generally Election Law § 6-134 [5]; Matter of Lord v New York State Bd. of Elections, 98 AD3d 622, 624 [2d Dept 2012]).
Petitioner's contention that respondents failed to sufficiently plead their allegations of fraud pursuant to CPLR 3016 (b) is likewise without merit. Petitioner was not entitled to notice of the specific objections filed by Karp prior to the Board's determination (see Election Law § 6-154 [2]; Matter of Grancio v Coveney, 60 NY2d 608, 610 [1983]; Matter of Wilson v Davis, 131 AD3d 655, 656 [2d Dept 2015], lv denied 25 NY3d 914 [2015]), and respondents' answer in this proceeding was sufficiently detailed to apprise petitioner of the allegations made against his nominating petition (cf. Matter of Waugh v Nowicki, 10 AD3d 437, 438 [2d Dept 2004], lv denied 3 NY3d 603 [2004]). We have examined petitioner's remaining contentions regarding the validity of his nominating petition and we conclude that they are without merit.
We agree with petitioner, however, that the equitable remedy of opportunity to ballot is appropriate here (see generally Matter of Harden v Board of Elections in City of N.Y., 74 NY2d 796, 797 [1989]; Matter of Hunting v Power, 20 NY2d 680, 681 [1967]). The remedy of an " opportunity to ballot' . . . was designed to give effect to the intention manifested by qualified party members to nominate some candidate, where that intention would otherwise be thwarted by the presence of technical, but fatal defects in designating petitions, leaving the political party without a designated candidate for a given office" (Harden, 74 NY2d at 797). Here, the Board determined that 24 of the signatures on petitioner's nominating petition were invalid because the signers had previously signed the nominating petition of a candidate who later withdrew from the race. Although the fact that a voter has previously signed another candidate's petition is typically a substantive defect (see Bowen v Ulster County Bd. of Elections, 21 AD3d 693, 695 [3d Dept 2005], lv denied 5 NY3d 706 [2005]), we conclude that such a defect is a technical one where, as here, the candidate with a prior nominating petition withdrew that petition prior to the voters signing the second nominating petition (see generally Matter of Jones v Cayuga County Bd. of Elections, 123 AD2d 517, 517 [4th Dept 1986]). We thus conclude that the registered voters of the Republican Party should be afforded an opportunity to ballot for the office at issue, and we therefore modify the order accordingly.
Entered: September 5, 2018
Mark W. Bennett
Clerk of the Court