■ RICHARD M. GRANATA et al., Respondents, v EDWARD L. ERTEL, Defendant, and EDWARD SCHMITT, Appellant.—Appeal unanimously dismissed without costs upon stipulation. (Appeal from order of Erie Supreme Court ordering payment of funds to substituted attorneys.) Present—Marsh, P. J., Moule, Cardamone and Simons, JJ.

■ In the Matter of the Estate of HAROLD E. HICKS, Deceased. JOANNE SMITH, as Executrix of SHERMAN R. SMITH, Deceased, Appellant; Estate of HAROLD S. HICKS, Deceased, Respondent.—Decree unanimously affirmed upon the opinion of Cattaraugus County Surrogate Horey. (Appeal from decree of Cattaraugus County Surrogate's Court, in proceeding to declare rights to stock.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Witmer, JJ.

■ In the Matter of ALBERT L. VICTORY, Petitioner, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent.—Appeal unanimously dismissed without costs upon stipulation. (Review of determination committing petitioner to disciplinary segregation, transferred by order of Cayuga Special Term.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Witmer, JJ.

■ GALE DENN, Respondent, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, Appellants, and DENNIS T. GORSKI et al., as Candidates for the Democratic National Convention for the 38th Congressional District, Appellants.—Order unanimously affirmed, without costs. Memorandum: Respondents E. J. Mahoney, a member of the Board of Elections of Erie County, and Dennis T. Gorski, a candidate for the Democratic National Convention for the 38th Congressional District, appeal from Special Term's order which provided that a certain certificate of substitution, previously filed with the Board of Elections of the County of Erie substituting petitioner, Gale Denn, as a candidate for the office of delegate to the Democratic National Convention for the 38th Congressional District of the State of New York in the primary elections to be held on April 6, 1976, was a valid certificate of substitution. Appellants argue that subdivision 4 of section 140 of the Election Law mandates that appended to the certificate of substitution shall be the affidavit of the persons signing the certificate that they were a majority of such committee on vacancies; and that the failure of the majority of said committee to sign such an affidavit renders the substitution invalid. While subdivision 4 of section 140 of the Election Law sets forth such a technical requirement, it has been previously held that a notarized certificate of substitution, virtually identical to the instant certificate, was in compliance with the applicable section *(Matter of Dunst,* NYLJ, Sept. 6, 1941, p 513, col 3, revd 262 App Div 957, revd 286 NY 675). Appellants concede that the two persons who executed the certificate were in fact a majority of the committee to fill vacancies. Absent an allegation of fraud, we find that there has been substantial compliance with the Election Law *(Matter of Turner v Lawley,* 25 NY2d 963; *Matter of Rosen v McNab,* 25 NY2d 798; *Matter of Lyman v Lawley,* 37 AD2d 791). (Appeal from order of Erie Supreme Court election case.) Present—Marsh, P. J., Moule, Cardamone, Goldman, Witmer, JJ. (Decided March 29, 1976.)