■ In the Matter of JOE LANDRY, Respondent, v MICHAEL P. MANSION et al., Appellants, et al., Respondents. [884 NYS2d 795]—

Per Curiam. Appeal from an order of the Supreme Court (Reilly Jr., J.), entered August 11, 2009 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of substitution naming respondent Donald R. Cromer as the Republican Party candidate for the office of Town Supervisor of the Town of Niskayuna in the September 15, 2009 primary election.

A designating petition naming respondent Jeffrey S. Frankel as the Republican Party candidate for Niskayuna Town Supervisor in the September 15, 2009 primary election was timely filed with respondent Schenectady County Board of Elections. Later that day, Frankel filed a certificate of declination with respect to this designation. Pursuant to the designating petition, the Committee to Fill Vacancies, consisting of respondents Michael P. Mansion, Robin M. Jost and David H. Kim, was authorized to name a replacement candidate in the event of Frankel's declination. Thereafter, a certificate of substitution purporting to designate respondent Donald R. Cromer as the replacement candidate was filed, signed by Mansion and Jost.

Petitioner, the designated candidate for Niskayuna Town Supervisor of the Democratic, Independence, Conservative and Working Families Parties, commenced this proceeding, as an aggrieved candidate, seeking to have the certificate of substitution invalidated on the ground that it was not properly executed by the Committee to Fill Vacancies pursuant to Election Law § 6-148. Cromer, Mansion and Jost (hereinafter collectively referred to as respondents) answered and moved to dismiss the petition for, among other things, failure to state a cause of action. Supreme Court denied respondents' motion and subsequently determined that the certificate of substitution was invalid and granted the petition to invalidate. Respondents now appeal.

Initially, we conclude that Supreme Court properly denied respondents' motion to dismiss the petition for failure to state a cause of action. A review of the petition reveals that petitioner alleged facts indicating that respondents failed to comply with the statutory requirements of Election Law § 6-148 when filing the certificate of substitution which, if true, provide legal grounds for the invalidation of the certificate (see *Matter of Breslin v Conners*, 10 AD3d 471, 473 [2004], *lv denied* 3 NY3d 603 [2004]).

Turning to the merits, respondents contend that Supreme Court erred in invalidating the certificate of substitution, claiming that the Board of Elections gave them misinformation concerning the filing of the certificate and supplied them with the incorrect form, or, alternatively, that the certificate, as filed, substantially complied with the statutory requirements. As relevant here, "[a] vacancy in a designation or independent nomination, or in a party nomination made otherwise than at a primary, may be filled by a majority of the committee to fill vacancies shown upon the face of the petition or certification of the designation or nomination in which the vacancy occurs" (Election Law § 6-148 [2]). In such situations, "the new certificate shall be signed by a majority of such committee" and "[a]ppended to the certificate shall be the affidavit of the persons signing the certificate that they were a majority of such committee . . . and that the statements in such certificate are true" (Election Law § 6-148 [4]).

The certificate of substitution filed here, however, erroneously affirmed that the replacement candidate was chosen by a quorum at a meeting of the Republican Party committee members, instead of by a majority of the Committee to Fill Vacancies. While the certificate was signed by respondents, who comprise a majority of the Committee to Fill Vacancies, the signatures were entered in their respective capacities as the

Presiding Officer and Secretary of the Niskayuna Republican Party. Moreover, the affidavit included with the certificate affirmed, erroneously, that both signatories were present at a party committee meeting which chose the replacement candidate and did not reference their membership in the Committee to Fill Vacancies or affirm that a majority of said committee had chosen the replacement candidate.

"While substantial compliance is acceptable as to details of form, there must be strict compliance with statutory commands as to matters of prescribed content" (*Matter of Hutson v Bass*, 54 NY2d 772, 774 [1981] [citation omitted]; *see Matter of Justice v Gamache*, 45 AD3d 508, 511 [2007]; *Matter of Flach v De Benedictus*, 265 AD2d 670, 671 [1999], *lv denied* 94 NY2d 752 [1999]). As the Committee to Fill Vacancies was statutorily required to file a certification of substitution signed by a majority of the Committee, stating that the replacement candidate was chosen by that majority, we cannot conclude that the certificate actually filed here, which satisfied none of these requirements, strictly complied with the statutory regulations. Furthermore, reliance on the Board of Elections in providing forms and information does not relieve respondents from their duty to comply with statutory mandates (*see Matter of Smith v Mahoney*, 60 NY2d 596, 597 [1983]; *Matter of Cola v D'Apice*, 112 AD2d 1060, 1060-1061 [1985]). Accordingly, the petition to invalidate the certificate of substitution was properly granted.

Respondents also request, for the first time on appeal, that this Court direct the Board of Elections to provide the Republican Party an opportunity to ballot at the upcoming primary election. Courts have the authority, as justice requires, to order an opportunity to ballot, which is "designed to give effect to the intention manifested by qualified party members to nominate some candidate, where that intention would otherwise be thwarted by the presence of technical, but fatal defects in designating petitions, leaving the political party without a designated candidate for a given office" (*Matter of Harden v Board of Elections in City of N.Y.*, 74 NY2d 796, 797 [1989]; *see Matter of Hunting v Power*, 20 NY2d 680, 681 [1967]; *Matter of Bowen v Ulster County Bd. of Elections*, 21 AD3d 693, 694-695 [2005]; *Matter of Santoro v Kujawa*, 133 AD2d 534, 534 [1987], *lv denied* 70 NY2d 724 [1987]; *Matter of Garrow v Mitchell*, 112 AD2d 1104, 1105 [1985], *lv denied* 65 NY2d 607 [1985]). Here, the designating petitions that manifested the intention of the registered voters in the Republican Party to nominate some candidate for Niskayuna Town Supervisor were filed without objection. Once that candidate declined, the invalidation of the

certificate of substitution of the replacement candidate, which was based upon the technical, but statutorily fatal, flaws in the content of the certificate of substitution, left the registered voters of the Republican Party without a candidate. Under these circumstances, we find that the equitable remedy of affording these potentially disenfranchised voters an opportunity to ballot at the September 15, 2009 primary election is appropriate (*see Matter of Winn v Washington County Bd. of Elections*, 196 AD2d 674, 674 [1993], *lv denied* 82 NY2d 654 [1993]; *Matter of Venezia v Albanese*, 153 AD2d 723, 724 [1989], *lv denied* 74 NY2d 609 [1989]).

Respondents' remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the facts, without costs, by directing that respondent Schenectady County Board of Elections provide registered voters of the Republican Party with an opportunity to ballot for the office of Town Supervisor of the Town of Niskayuna at the September 15, 2009 primary election, and, as so modified, affirmed.