Per Curiam.
Cross appeals from an order of the Supreme Court (Reilly Jr., J.), entered August 5, 2013 in Schenectady County, which, among other things, granted petitioners’ applications, in two proceedings pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondents David W. Dussault and Michael T. Horan as Republican Party candidates for certain public offices in the Town of Niskayuna at the September 10, 2013 primary election.
The present proceedings were commenced in an effort to invalidate the designating petition of respondents David W Dussault and Michael T. Horan (hereinafter collectively referred to as the candidates), who are seeking the Republican Party nominations for the offices of, respectively, Member of Niskayuna Town Council and Justice of the Town of Niskayuna. The candidates argued that Supreme Court lacked personal jurisdiction in both proceedings, and unsuccessfully moved to dismiss the petitions. Supreme Court thereafter invalidated the designating petition, but directed respondent Schenectady County Board of Elections to give Republican Party voters an opportunity to ballot at the upcoming primary election. Petitioners in both proceedings appeal, and the candidates cross-appeal.
Initially, the candidates were served in the manner directed by the orders to show cause, namely, express mail in proceeding No. 1 and residential delivery in proceeding No. 2. As those methods were “reasonably calculated to give notice to the necessary parties so that receipt of such notice would normally be expected within the statutory 14-day period for commencing a proceeding concerning the validity of a designating petition,” the candidates’ motions to dismiss were properly denied (Matter of Elston v Mahoney, 122 AD2d 969, 970 [1986], appeal dismissed, lvs denied 68 NY2d 765 [1986]; see Matter of Contessa v McCarthy, 40 NY2d 890, 891 [1976]; Matter of Rue v Hill, 287 AD2d 781, 782-783 [2001], lv denied 97 NY2d 602 [2001]).
*680 Turning to the merits, Supreme Court invalidated the designating petition due to errors committed by two subscribing witnesses, thus invalidating the signatures they had witnessed and causing the petition to lack the requisite number of signatures. Supreme Court further ‘ ‘order[ed] an opportunity to ballot, which is ‘designed to give effect to the intention manifested by qualified party members to nominate some candidate, where that intention would otherwise be thwarted by the presence of technical, but fatal defects in designating petitions, leaving the political party without a designated candidate for a given office’ ” (Matter of Landry v Mansion, 65 AD3d 803, 805 [2009], quoting Matter of Harden v Board of Elections in City of N.Y., 74 NY2d 796, 797 [1989]; see Matter of Bowen v Ulster County Bd. of Elections, 21 AD3d 693, 694-695 [2005], lv denied 5 NY3d 706 [2005]).
The record establishes that one of the subscribing witnesses, a commissioner of deeds, failed to inform any of “the signers that, by signing the petition, they affirmed the truth of the matter to which they subscribed” (Matter of Nolin v McNally, 87 AD3d 804, 806 [2011]; see Election Law § 6-132 [3]; Matter of Caruso v Casciola, 27 NY2d 657, 658 [1970]; Matter of Helfand v Meisser, 22 NY2d 762, 762-763 [1968]). While the signatures collected by him were rendered invalid as a result, under the circumstances presented here his failure constituted nothing more than a “technical irregularity” (Matter of Caruso v Casciola, 27 NY2d at 658; see Matter of Nolin v McNally, 87 AD3d at 805-806; Matter of Bonner v Negron, 87 AD3d 737, 739-740 [2011]).
The second subscribing witness, Horan, mistakenly executed the statement intended for a notary public or commissioner of deeds rather than that meant for party members. While Horan is in fact a notary public, he did not identify himself as such in the witness statement (see Election Law § 6-132 [3]; Matter of Fuentes v Lopez, 264 AD2d 490, 490 [1999]). The signatures that Horan witnessed were rendered invalid as a result, but his failure to indicate his position was a technical defect that did “not call into serious question the existence of adequate support among eligible voters” (Matter of Harden v Board of Elections in City of N.Y., 74 NY2d at 797; compare Matter of Maresca v Albanese, 153 AD2d 719, 720 [1989], lv denied 74 NY2d 609 [1989]). Absent any indication that fraud was involved or that the voters who signed the invalid pages were not entitled to sign the petition, Supreme Court properly directed an opportunity to ballot for the offices of Member of Niskayuna Town Council and Justice of the Town of Niskayuna (see Matter of *681 Landry v Mansion, 65 AD3d at 805-806; compare Matter of Bowen v Ulster County Bd. of Elections, 21 AD3d at 695). We do note, however, that the opportunity to ballot should be used to select only one candidate for the office of Member of Niskayuna Town Council — despite the fact that two seats on the council are open — as the invalidated petition manifested an intent to nominate only one candidate (see Matter of Hunting v Power, 20 NY2d 680, 681 [1967]; Matter of Hochberg v D'Apice, 112 AD2d 1067, 1068 [1985], affd for reasons stated below 65 NY2d 960 [1985]). As such, the order will be modified accordingly. The remaining arguments of the parties, to the extent they are properly before us, have been considered and rejected.
Peters, P.J., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the facts, without costs, by directing that respondent Schenectady County Board of Elections provide registered voters of the Republican Party with an opportunity to ballot for only one candidate for the office of Member of Niskayuna Town Council at the September 10, 2013 primary election, and, as so modified, affirmed.