■ In the Matter of EDWARD GRIFFIN, Jr., Appellant-Respondent, v CAROLYN TORRES, et al., Respondents, and MILAGROS VICENTE et al., Respondents-Appellants. [15 NYS3d 435]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate certificates of substitution filed by the Committee to Fill Vacancies of the Working Families Party designating Milagros Vicente as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Working Families Party as its candidate for the public office of Member of the Town Council of the Town of Hempstead, Third Council District, the petitioner appeals from so much of a final order of the Supreme Court, Nassau County (Palmieri, J.), entered August 10, 2015, as, after a hearing, granted the application of Milagros Vicente, Dorothy E. Siegel, Karen Scharff, and Robert P. Master for an opportunity to ballot, and Milagros Vicente, Dorothy E. Siegel, Karen Scharff, and Robert P. Master cross-appeal, as limited by their brief, from so much of the same final order as granted that branch of the petition which was to invalidate the certificates of substitution.

Ordered that the final order is affirmed, without costs or disbursements.

A petition designating Carolyn Torres as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Working Families Party as its candidate for the public office of Member of the Town Council of the Town of Hempstead, Third Council District, was filed on July 9, 2015. The petition appointed Dorothy E. Siegel, Karen Scharff, and Robert P. Master as the members of the Committee to Fill Vacancies of the Working Families Party (hereinafter the committee to fill vacancies). Within a few days, Torres filed a certificate of declination with respect to her designation.

The Working Families Party filed two certificates of substitution shortly thereafter, nominating Milagros Vicente to fill the vacancy created by Torres's filing of the certificate of declination. Each certificate of substitution contained one signature from a member of the committee to fill vacancies. The certificates of substitution were executed on different days by those members, and were submitted to the Nassau County Board of Elections stapled together as one document. The petitioner thereafter commenced the instant proceeding to invalidate the certificates of substitution on the ground that, among other things, they failed to comply with the requirements of Election Law § 6-148.

The Supreme Court properly invalidated the certificates of substitution. Election Law § 6-148 (4) requires a certificate of substitution to "be signed by a majority" of the committee to fill vacancies and to include, appended thereto, an "affidavit of the persons signing the certificate that they were a majority of such committee." This statute addresses matters of "prescribed content," for which "strict compliance" is required (*Matter of Hutson v Bass*, 54 NY2d 772, 774 [1981]; *see Matter of Landry v Mansion*, 65 AD3d 803, 805 [2009]; *Matter of Justice v Gamache*, 45 AD3d 508, 511 [2007]). Here, Dorothy E. Siegel and Robert P. Master each executed an affidavit on successive days stating that "[w]e . . . constitute[ ] a majority of the vacancy committee." However, the affidavits separately executed by Siegel and Master, respectively, each contained only one name and one signature. Neither individual member of the committee to fill vacancies was capable of affirming that they collectively constituted a majority of that committee. In contrast to *Matter of Farrell v Reid* (131 AD3d 628 [2015] [decided herewith]), where two certificates, considered as a single document, contained the signatures of the party officers necessary to satisfy the requirements of Election Law § 6-120 (3), here, where strict compliance is required, we cannot consider the two certificates as a single document.

Nevertheless, the Supreme Court providently exercised its discretion in granting the application of Vicente and the members of the committee to fill vacancies for an opportunity to ballot (*see Matter of Hunting v Power*, 20 NY2d 680 [1967]). This equitable remedy is "designed to give effect to the intention manifested by qualified party members to nominate some candidate, where that intention would otherwise be thwarted by the presence of technical, but fatal defects in designating petitions, leaving the political party without a designated candidate for a given office" (*Matter of Harden v Board of Elec-*

*tions in City of N.Y.*, 74 NY2d 796, 797 [1989]; *accord Matter of Landry v Mansion*, 65 AD3d at 805). The failure of the certificates in this case constitutes a technical defect that does not call into serious question the existence of adequate support among a majority of the members of the committee to fill vacancies to designate Vicente as their substitute candidate (*see Matter of Hall v Dussault*, 109 AD3d 679, 680 [2013]; *Matter of Landry v Mansion*, 65 AD3d 803, 805 [2009]; *cf. Matter of Harden v Board of Elections in City of N.Y.*, 74 NY2d at 797). Absent any proof of fraud or proof that the members of the committee to fill vacancies who signed the affidavits were not eligible to do so (*see id.*; *Matter of Harden v Board of Elections in City of N.Y.*, 74 NY2d at 797; *Matter of Roberts v Work*, 109 AD3d 681, 682 [2013]; *Matter of Hall v Dussault*, 109 AD3d 679, 680 [2013]; *Denn v Mahoney*, 52 AD2d 715, 715 [1976]), the Supreme Court properly directed the Nassau County Board of Elections to provide the Working Families Party an opportunity to ballot for the public office of Member of the Town Council of the Town of Hempstead, Third Council District.

Accordingly, we affirm the final order of the Supreme Court. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.