Per Curiam.
Appeal from a judgment of the Supreme Court (Krogmann, J.), entered September 29, 2015 in Warren County, which, among other things, granted petitioner’s application, in a proceeding pursuant to Election Law § 16-102 and CPLR article 78, to declare, among other things, invalid the certificate of nomination naming respondents Larry Cleveland, Claudia K. Braymer, Jennifer S. Switzer and Richard F. Gar-rand Jr. as the purported candidates of respondent Women’s Equality Party for certain public offices in Warren County in the November 3, 2015 general election.
On September 14, 2015, a certificate of nomination signed by respondent Rachel Gold, as the presiding officer of nominating meeting and acting chair of respondent Women’s Equality Party (hereinafter WEP), and respondent Kathleen Joy, as secretary of nominating meeting and of the WEP, was filed with respondent Warren County Board of Elections naming respondents Larry Cleveland, Claudia K. Braymer, Jennifer S. Switzer and Richard F. Garrand Jr. (hereinafter collectively *1060 referred to as the respondent candidates) as the WEP candidates for certain public offices in Warren County in the November 3, 2015 general election. Also filed were a copy of the “Rules of the Women’s Equality Party of the State of New York,” which had been filed with respondent State Board of Elections, and the minutes of a September 8, 2015 WEP meeting.
Petitioner, as chair of the Warren County Republican Party and a duly registered and qualified voter of Warren County, commenced this proceeding pursuant to Election Law article 16 and CPLR article 78, seeking (1) to declare invalid the certificate of nomination that purported to nominate the respondent candidates as the WEP candidates for public offices in Warren County, (2) to enjoin the Warren County Board of Elections from placing the respondent candidates’ names on the ballot at the November 3, 2015 general election, and (3) to require the State Board of Elections to enforce the order in Matter of DeLabio v Allen (Sup Ct, Niagara County, Sept. 14, 2015, Caruso, J., index No. 156792, mod 131 AD3d 1340 [2015]). Specifically, the petition asserts, among other things, that the WEP rules, pursuant to which the respondent candidates were nominated, are invalid as two other factions filed WEP rules with the State Board of Elections thus creating a conflict which, pursuant to Election Law § 6-128 (4), required certification from a majority of the four statewide candidates from the 2014 general election in order for the rules to be valid, and, in any event, no affidavit was attached to the certificate of nomination as required by Election Law § 6-128 (1) (g). Supreme Court granted the petition and invalidated the certificate of nomination, finding that a conflict existed as to the controlling WEP rules and that the rules submitted in connection with the certificate of nomination were not endorsed by a majority of candidates of the slate of WEP candidates from the 2014 general election as required by Election Law § 6-128 (4). This appeal by the WEP, Gold and Joy ensued.
We affirm, albeit on different grounds. Initially, there is no dispute that, following the 2014 general election, WEP attained political “party” status by operation of Election Law § 1-104 (3). Four statewide elected officials currently in office were candidates on the WEP ballot line in the 2014 general election. Pursuant to WEP’s new party status, the record establishes that the WEP rules at issue were adopted and certified by two of the statewide candidates who ran on the WEP ballot line in the 2014 general election and then were filed with the State Board of Elections in July 2015. It is well settled that “the only *1061 identifiable body of individuals affiliated with a new party [is] its slate of [s]tatewide candidates” (Matter of Independence Party of N.Y. v Board of Elections in City of N.Y., 213 AD2d 209, 209 [1995], appeal dismissed, lv denied 85 NY2d 867 [1995]). Although two other factions subsequently filed purported rules of the WEP, neither was supported or endorsed by any WEP statewide candidate from the 2014 general election. Absent such statewide candidate support, they cannot be deemed rules of the WEP for the purpose of creating a “ ‘question or conflict relating to the rules or the rule-making body’ ” of WEP (Matter of DeLabio v Allen, 131 AD3d 1340, 1341, quoting Election Law § 6-128 [4]). Furthermore, we find no statutory support for petitioner’s assertion that the new party rules must be certified by a majority of the statewide candidates in the 2014 general election in order to be valid. The statutory requirement for a majority of the statewide candidates is only applicable to resolve disputes when a question or conflict arises (see Election Law § 6-128 [4]). As noted earlier, no question or conflict exists with regard to the rules filed in connection with the certificate of nomination herein.
While we disagree with Supreme Court in finding that the certificate of nomination is invalid due to the lack of valid WEP rules, we nevertheless affirm.* A certificate of nomination issued by a new party is required to contain certain specified information, including “[a]n affidavit containing a statement by the presiding officer and secretary of the committee that they are such officers and the statements in the certificate are true” (Election Law § 6-128 [1] [g]). Here, review of the certified copies of the documents filed with the Warren County Board of Elections confirms that no affidavit was included with the certificate of nomination. Failure to include the affidavit in accordance with the statutorily prescribed content is fatal to the certificate of nomination (see Election Law § 6-128 [2], [3]; see also Matter of Alamo v Black, 51 NY2d 716, 717 [1980]). To the extent that the WEP, Gold and Joy assert in their opposition papers that the language in the certificate of nomination— which includes statements that Gold and Joy, as chair and secretary, respectively, of the WEP executed the document before a notary and that the document, with the WEP rules attached thereto, was accurate and complete — is “substantially equivalent” to the language required by Election Law § 6-128 (1) (g), *1062 we note that “there must be strict compliance with statutory commands as to matters of prescribed content” (Matter of Hutson v Bass, 54 NY2d 772, 774 [1981]; see Matter of Griffin v Torres, 131 AD3d 631, 632 [2015]).
Peters, P.J., Lahtinen, McCarthy, Lynch and Devine, JJ., concur.
Ordered that the judgment is affirmed, without costs.

 Although petitioner contends that the matter should be remitted to Supreme Court, we find that, because time is of the essence, this Court will review the issue in the interest of judicial economy.