# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1129.1**
**CAE 15-01662**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF THOMAS V. DADEY, JR., CHAIRMAN
OF ONONDAGA COUNTY REPUBLICAN PARTY COMMITTEE AND
OBJECTOR AGGRIEVED, AND JOHN DEMETRO, ET AL.,
OBJECTORS AGGRIEVED, PETITIONERS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

DUSTIN M. CZARNY AND HELEN KIGGINS WALSH,
COMMISSIONERS CONSTITUTING ONONDAGA COUNTY BOARD
OF ELECTIONS, RESPONDENTS-RESPONDENTS,

JAMES ROMEO, ET AL., PURPORTED CANDIDATES OF
WOMEN'S EQUALITY PARTY, RESPONDENTS,

GREGORY PETERSON, DOUGLAS KELLNER, ANDREW SPANO
AND PETER KOSINSKI, COMMISSIONERS CONSTITUTING
NEW YORK STATE BOARD OF ELECTIONS,
RESPONDENTS-RESPONDENTS,

PURPORTED WOMEN'S EQUALITY PARTY, AND ITS
PURPORTED COMMITTEES, RACHEL GOLD, PURPORTED
ACTING CHAIR, AND KATHLEEN JOY, PURPORTED SECRETARY,
RESPONDENTS-APPELLANTS.

---

GREENBERG TRAURIG LLP, NEW YORK CITY (STEVEN C. RUSSO OF COUNSEL), FOR RESPONDENTS-APPELLANTS.

THOMAS RUSSELL SCHEPP, II, MANLIUS, FOR PETITIONERS-RESPONDENTS.

---

Appeal from an order (denominated order and judgment) of the Supreme Court, Onondaga County (Norman W. Seiter, Jr., J.), entered September 29, 2015 in a proceeding pursuant to Election Law article 16. The order invalidated a certificate of nomination naming several individuals as candidates of the Women's Equality Party for certain public offices.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondents-appellants appeal from an order invalidating the certificate of nomination naming several nonappealing respondents as candidates of the Women's Equality Party (WEP) for certain public offices in a general election to be held on November 3, 2015. Supreme Court invalidated the certificate of nomination on the

ground that it does not comply with Election Law § 6-128 insofar as there is a "conflict relating to the rules or the rule-making body" (Election Law § 6-128 [4]).  We conclude that the court properly invalidated the certificate of nomination, although our reasoning differs from that of the court.

We agree with respondents-appellants that the court erred in invalidating the certificate of nomination on the ground of noncompliance with Election Law § 6-128 (4).  Consistent with section 6-128 (1) (f), the challenged certificate of nomination contained a certified copy of the party rules, which was certified by Governor Andrew Cuomo and Lieutenant Governor Kathleen Hochul, i.e., two out of the slate of four statewide candidates who ran on the WEP line in the 2014 general election.  Those rules were filed with the New York State Board of Elections (NYSBOE) on July 2, 2015, and amended rules also certified by Governor Cuomo and Lieutenant Governor Hochul were filed with the NYSBOE on July 14, 2015.  Although the record reflects that competing rules purporting to be WEP party rules were subsequently filed with the NYSBOE, we conclude that, as our colleagues in the Third Department recently held in a similar case, the mere filing of such competing rules did not create a "question or conflict" relating to the rules contained in the certificate of nomination for the purposes of section 6-128 (4), inasmuch as the competing rules were not certified by any statewide candidates (*see Matter of Grasso v Cleveland*, ___ AD3d ___, ___ [Oct. 14, 2015]; *cf. Matter of Independence Party of N.Y. v Board of Elections in City of N.Y.*, 213 AD2d 209, 209, *appeal dismissed*, *lv denied* 85 NY2d 867; *see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 96).

We nevertheless conclude that the certificate of nomination is invalid on the ground that it does not "contain . . . [a]n affidavit containing a statement by the presiding officer and secretary of the committee that they are such officers and the statements in the certificate are true," as required by Election Law § 6-128 (1) (g).  Although petitioners request that this Court remit the matter to Supreme Court to address that ground in the first instance, we "decline to do so and instead reach such [ground] in the interest of judicial economy" (*Matter of Cobleskill Stone Prods., Inc. v Town of Schoharie*, 126 AD3d 1094, 1096).  The challenged certificate of nomination contains the notarized signatures of Rachel Gold, as "Presiding Officer of Nominating Meeting and Acting Chair of the WEP," and Kathleen Joy, as "Secretary of Nominating Meeting and the WEP," but it does not contain a statement by either Gold or Joy attesting to the truth of the statements in the certificate.  In our view, the omission of such a statement constitutes a "substantive departure from the mandates of the statute and not a mere error in form" (*Matter of McGuire v Gamache*, 22 AD3d 614, 615, *affd* 5 NY3d 444; *see Matter of Alamo v Black*, 51 NY2d 716, 717; *see also Matter of Griffin v Torres*, 131 AD3d 631, 632).  Because strict, and not just substantial, compliance is required "with statutory commands as to matters of prescribed content" (*Matter of Hutson v Bass*, 54 NY2d 772, 774; *see Matter of Boniello v Niagara County Bd. of Elections*, 131 AD3d 806, 807), the certificate of nomination is invalid (*see Grasso*, ___ AD3d

at \_\_\_).