■ In the Matter of MICHAEL T. MCCORMACK et al., Respondents-Appellants, v DIANE JABLONSKI et al., Respondents, and MARCO CAVIGLIA, as Commissioner of the Dutchess County Board of Elections, et al., Appellants-Respondents. [18 NYS3d 426]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a certificate of nomination naming Diane Jablonski, Mary Hannon Williams, Rita Langva, Thomas Michael Hurley, April Marie Farley, Craig Brendli, Debra Winifred Blalock, David P. Ray, Emily Svenson, Joseph R. Marrine, Joseph Paul Petito, Elizabeth Spinzia, James Tracy Herrmann, and Linda S. French as candidates of the Women's Equality Party for certain public offices in a general election to be held on November 3, 2015, the Women's Equality Party, Rachel Gold, and Kathleen Joy appeal, as limited by their brief, from so much of a final order of the Supreme Court, Dutchess County (Forman, J.), dated September 29, 2015, as granted the petition to invalidate the certificate of nomination, and Marco Caviglia, in his capacity as a Commissioner of the Dutchess County Board of Elections, separately appeals, as limited by his brief, from so much of the same final order as, in effect, denied that branch of his motion which was to dismiss the petition, made on the ground that the petitioner Michael T. McCormack lacked standing to commence this proceeding. The petitioners cross-appeal, as limited by their brief, from so much of the same final order as declined to reach all of the arguments that they raised in support of the petition.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the petitioners are not aggrieved by the final order (see CPLR 5511; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]); and it is further,

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

At the outset, there is no merit to the contention of Marco Caviglia, a Commissioner of the Dutchess County Board of Elections, that the petitioner Michael T. McCormack, the Chairman of the Dutchess County Republican Party Committee, lacked standing to challenge the nomination of certain candidates for City and Town offices in Dutchess County (see Election Law § 16-102). Accordingly, the Supreme Court properly denied that branch of Caviglia's motion which was to dismiss the petition, made on the ground that McCormack lacked standing to commence this proceeding.

The Supreme Court properly, inter alia, granted the petition to invalidate the certificate of nomination naming Diane Jablonski, Mary Hannon Williams, Rita Langva, Thomas Michael Hurley, April Marie Farley, Craig Brendli, Debra Winifred Blalock, David P. Ray, Emily Svenson, Joseph R. Marrine,

Joseph Paul Petito, Elizabeth Spinzia, James Tracy Herrmann, and Linda S. French as candidates of the Women's Equality Party for certain public offices in a general election to be held on November 3, 2015. As the court correctly found, the certificate of nomination does not "contain . . . [a]n affidavit containing a statement by the presiding officer and secretary of the committee that they are such officers and the statements in the certificate are true," as required by Election Law § 6-128 (1) (g). While the challenged certificate of nomination contains the notarized signatures of Rachel Gold, as "Presiding Officer of Nominating Meeting and Acting Chair of the WEP," and Kathleen Joy, as "Secretary of Nominating Meeting and the WEP," it does not contain a statement by either Gold or Joy attesting to the truth of the statements in the certificate. The omission of such a statement constitutes a substantive departure from the mandates of the statute and not a mere error in form (*see Matter of Alamo v Black*, 51 NY2d 716, 717 [1980]; *Matter of Dadey v Czarny*, 132 AD3d 1427 [4th Dept 2015]; *Matter of McGuire v Gamache*, 22 AD3d 614, 615 [2005], *affd* 5 NY3d 444 [2005]; *see also Matter of Griffin v Torres*, 131 AD3d 631, 632 [2015]). Because strict, and not just substantial, compliance is required "with statutory commands as to matters of prescribed content" (*Matter of Hutson v Bass*, 54 NY2d 772, 774 [1981]; *see Matter of Boniello v Niagara County Bd. of Elections*, 131 AD3d 806, 807 [2015]), the certificate of nomination is invalid (*see Matter of Dadey v Czarny*, 132 AD3d 1427 [4th Dept 2015]; *Matter of Grasso v Cleveland*, 132 AD3d 1059 [3d Dept 2015]; *Matter of Rustin v Bugbee*, 49 Misc 3d 1204[A], 2015 NY Slip Op 51423[U] [Sup Ct, Rensselaer County 2015]).

The petitioners' contention raised as an alternative ground for affirmance need not be reached in light of our determination on the appeals to affirm the final order (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d at 545).

The petitioners' remaining contention has not been properly raised before this Court. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.