■ In the Matter of KIM MARAFITO et al., Respondents, v EDWARD MCDONOUGH et al., as Commissioners of the Rensselaer County Board of Elections, et al., Respondents, and STEVEN F. MCLAUGHLIN, as Purported Candidate for the Independence Party for the Public Office of County Executive of Rensselaer County, et al., Appellants. [62 NYS3d 546]—

Per Curiam. Appeal from an order of the Supreme Court (McDonough, J.), entered August 7, 2017 in Rensselaer County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to, among other things, enjoin the Rensselaer County Board of Elections from certifying certain Independence Party candidates for various public offices in the September 12, 2017 primary election.

Petitioners challenge the issuance and validity of a certificate of authorization filed by the State Executive Committee of the Independence Party of New York (hereinafter State Executive Committee) that purports to nominate/designate candidates for various public offices in Rensselaer County. Included among the candidates listed is respondent Steven F. McLaughlin as a candidate for Rensselaer County Executive. The State Executive Committee's purported authority to issue the certificate of authorization arose out of a meeting held by the State Committee of the Independence Party of New York (hereinafter State Committee), which petitioners claim was improperly held as a result of insufficient notice according to the party rules.

On July 10, 2017, the State Committee mailed a notice calling for a meeting of State Committee members to be held five

days later. At the meeting on July 15, 2017, the State Committee adopted a resolution that, among other things, repealed the ability of the Rensselaer County Committee of the Independence Party of New York (hereinafter Rensselaer Committee) to issue certificates of authorization for Rensselaer County candidates and vested such authority in the State Executive Committee. The State Executive Committee then met that same day and issued the certification of authorization at issue on this appeal. On July 17, 2017, the State Committee's resolution was filed with the Rensselaer County Board of Elections (hereinafter RCBOE), along with the State Executive Committee's certification of authorization and a certificate of revocation purporting to revoke an earlier certificate of authorization that had been filed by the Executive Committee of the Rensselaer County Independence Party (hereinafter the Rensselaer Executive Committee). That earlier certificate had authorized the nomination/designation of, among others, respondent Christopher Meyer as a candidate for Rensselaer County Executive.

Petitioners, who filed general and specific objections to the State Executive Committee's certificate of authorization, commenced this proceeding seeking, among other things, to declare the certificate invalid and to enjoin the RCBOE from certifying the listed candidates for the September 12, 2017 Independence Party primary unless such candidates also appeared on the earlier certificate of authorization filed by the Rensselaer Executive Committee or another valid authorization. After the deadline set for serving responsive papers had passed, McLaughlin and respondent Independence Party of New York (hereinafter collectively referred to as respondents) made a pre-answer motion to dismiss the petition on the grounds of, among other things, lack of standing and failure to name the Rensselaer County Independence Party as a necessary party. Following a hearing, Supreme Court denied respondents' motion and granted the petition on the merits. Respondents appeal.

Respondents first contend that petitioners lack standing to maintain this proceeding, claiming that petitioners' challenge relates to the internal rules of a political party. Initially, we agree with petitioners that respondents did not timely raise this issue because the motion to dismiss was made outside of the prescribed time period (*see* CPLR 404 [a]; 3211 [e]; *see generally EMC Mtge. Corp. v Gass*, 114 AD3d 1074, 1075 [2014]). Even if the issue had been timely raised, petitioners' challenge can be construed only as a challenge to the nomination or

designation of the subject candidates (*see Matter of New York State Comm. of the Independence Party v New York State Bd. of Elections*, 87 AD3d 806, 809-810 [2011], *lv denied* 17 NY3d 706 [2011]), which may be contested in a judicial proceeding brought by, among others, an "aggrieved candidate" or "a person who shall have filed objections" in accordance with the applicable Election Law provision (Election Law § 16-102 [1]). Inasmuch as the record reflects that petitioners each filed objections in accordance with Election Law § 6-154, and that petitioner Louis J. Desso is also an aggrieved candidate, petitioners have clear statutory standing to maintain this proceeding.

We find without merit respondents' assertion that the proceeding should have been dismissed due to petitioners' failure to name as a necessary party the Rensselaer County Independence Party.* As noted by Supreme Court, the interests of the Rensselaer County Independence Party are adequately represented in light of the fact that the Chair of the Rensselaer County Independence Party, as well as the individuals who served as the presiding officer and secretary at the meeting of the Rensselaer Executive Committee that resulted in the issuance and filing of the earlier certificate of authorization, are all named respondents in this proceeding (*see Matter of Snell v Young*, 88 AD3d 1149, 1150-1151 [2011], *lv denied* 17 NY3d 715 [2011]; *Matter of New York State Comm. of the Independence Party v New York State Bd. of Elections*, 87 AD3d at 811).

We are also unpersuaded by respondents' contention that Supreme Court lacked the evidence necessary to grant the relief requested by petitioners. At the hearing, respondents conceded that the Independence Party rules require the State Committee to provide notice of the time and place of every meeting, other than an organizational meeting, at least 10 days prior to the time that the meeting is held and that, here, only five days' notice was provided before the July 15, 2017 meeting. Our review of the record establishes that the court properly considered the foregoing concession, together with the petition and related documentation, in determining that the State Committee failed to comply with the provisions of the Election Law and its own party rules in conducting the July 15, 2017 meeting and that the actions taken—which resulted in the resolution and certificate of authorization at issue—were invalid.

---

* Petitioners concede that this issue, unlike the issue of standing, was properly raised (*see* CPLR 3211 [e]).

Finally, we reject respondents' request for alternative relief in the form of an opportunity to ballot with respect to the public office of Rensselaer County Executive in the upcoming primary election. It is undisputed that Meyer will appear on the ballot as the Independence Party candidate for the public office at issue and, therefore, the registered voters of the Independence Party will not be disenfranchised (*see Matter of Harden v Board of Elections in City of N.Y.*, 74 NY2d 796, 797 [1989]; *Matter of Parker v Savago*, 143 AD2d 439, 442 [1988]; *compare Matter of Griffin v Torres*, 131 AD3d 631, 633 [2015]).

The parties' remaining contentions, to the extent not expressly addressed herein, have been considered and determined to be lacking in merit.

Garry, J.P., Rose, Devine, Clark and Pritzker, JJ., concur. Ordered that the order is affirmed, without costs.