■ In the Matter of GEORGE T. HARDER et al., Respondents, v JEFFREY D. KUHN et al., Constituting the Committee to Fill Vacancies for the Democratic Party for the Public Offices of Member of the Bethlehem Town Council and Town of Bethlehem Superintendent of Highways, et al., Appellants, and MATTHEW J. CLYNE et al., as Commissioners of the Albany County Board of Elections, Respondents. [60 NYS3d 597]—

Per Curiam. Appeal from an order of the Supreme Court (Mackey, J.), entered August 4, 2017 in Albany County, which, among other things, granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificates of substitution designating respondent Daniel W. Coffey as the Democratic Party candidate for the public office of Member of the Bethlehem Town Council and respondent Giles C. Wagoner as the Democratic Party candidate for the public office of Town of Bethlehem Superintendent of Highways in the September 12, 2017 primary election.

On July 10, 2017, petitions were filed with the Albany County Board of Elections designating respondent Giles C. Wagoner as the Democratic Party candidate for the public office of Member of the Bethlehem Town Council and Brent R. Meredith as the Democratic Party candidate for the public office of Town of Bethlehem Superintendent of Highways in the September 12, 2017 primary election. In each of these designating petitions, respondents Jeffrey D. Kuhn, Pamela Skripak and Daniel W. Coffey were named as the individuals comprising the Commit-

tee to Fill Vacancies (hereinafter the Committee). On July 11, 2017, Wagoner and Meredith filed with the Board certificates of declination with regard to their respective positions. The following day, Kuhn, Skripak and Coffey filed with the Board a certificate purporting to substitute Wagoner in place of Meredith as the Democratic Party candidate for Superintendent of Highways. At the same time, Kuhn and Skripak filed with the Board a certificate purporting to substitute Coffey in place of Wagoner as the Democratic Party candidate for Member of the Town Council.

Other petitions filed with the Board designated petitioner George T. Harder as the Democratic Party candidate for Member of the Town Council and petitioner Daniel R. Morin as the Democratic Party candidate for Superintendent of Highways. Petitioners commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate the certificates of substitution filed by the Committee on behalf of Wagoner and Coffey based on deficiencies in the affidavit portion of the certificates. In their answer, Kuhn, Skripak, Coffey and Wagoner (hereinafter collectively referred to as respondents) raised as a defense that the verified petition was a nullity because the verification had been notarized by respondent Matthew J. Clyne. Supreme Court, among other things, rejected this defense and concluded that the certificates of substitution failed to comply with the requirements of Election Law § 6-148 (4) rendering them invalid. Respondents now appeal.

Preliminarily, we find no error in Supreme Court's failure to dismiss the verified petition due to the verification having been notarized by Clyne. Clyne is a named respondent only because of his status as a Commissioner of the Board, the entity with which the certificates of substitution were filed, and he has no direct or pecuniary interest in the outcome (see generally *Brodsky v Board of Mgrs. of Dag Hammarskjold Tower Condominium*, 1 Misc 3d 591, 596 [2003]). In view of this, and absent any prejudice to respondents flowing from the purported defect in the verification (see CPLR 2001, 3026; *Matter of Page v Ceresia*, 265 AD2d 730, 731 [1999]), Clyne's notarization is not a basis for dismissal of the verified petition.

Turning to the merits, Election Law § 6-148 sets forth the procedure for filling a vacancy with regard to the designation or nomination for a public office that is caused by a declination and states that the vacancy may be filled by a majority of the committee to fill vacancies who must file a certificate of substitution naming the newly designated or nominated candidate (see Election Law § 6-148 [1], [2]). The statute

requires the certificate of substitution to be signed by a majority of such committee (see Election Law § 6-148 [4]). Significantly, it further provides that "[a]ppended to the certificate shall be the affidavit of the persons signing the certificate that they were a majority of such committee . . . and that the statements in such certificate are true" (Election Law § 6-148 [4]).

The certificates of substitution at issue here were on a one-page preprinted form supplied by the Board consisting of three sections. The first section, which was the actual certificate, set forth the public office in which the vacancy existed, the name of the candidate who declined and the name and address of the substituted candidate, followed by the signatures of the majority of the Committee members. The third section, which was the substituted candidate's consent, set forth his acceptance of the nomination to the specific public office, followed by his signature as acknowledged by a notary public, whose signature and stamp appeared below the jurat. There is no dispute that the first and third sections of the certificates at issue were properly completed. The problem lies with the second section, entitled "Affidavit," which began with the statement, "We, the undersigned, hereby affirm that we constituted a majority of the vacancy committee referred to in the above certificate and that the statements in such certificate are true." Below this statement, the majority of the Committee members were required to sign their names before a notary public, but their names were instead printed by Coffey, followed by the signature and stamp of the notary public next to the jurat.

Respondents contend that, viewing the three sections of the certificates of substitution as a whole, there was substantial compliance with the provisions of Election Law § 6-148 (4) and that the certificates of substitution should be declared valid. We disagree. Initially, the substantive requirements of Election Law § 6-148 (4) concerning the signatures of a majority of the members of a committee to fill vacancies and the accompanying affidavit address matters of prescribed content for which strict compliance with the statute is required (see Matter of Griffin v Torres, 131 AD3d 631, 632 [2015]; Matter of Landry v Mansion, 65 AD3d 803, 805 [2009]; see generally Matter of Hutson v Bass, 54 NY2d 772, 773-774 [1981]).* Significantly, defects and/or inaccuracies in the affidavit required under this provision have resulted in the invalidation of a certificate of substitution (see Matter of Griffin v Torres, 131 AD3d at 632;

---

* To the extent that Denn v Mahoney (52 AD2d 715 [1976]) holds otherwise, it does not reflect current law and we decline to follow it (see Matter of Hutson v Bass, 54 NY2d at 773-774).

*Matter of Landry v Mansion,* 65 AD3d at 804-805; *see also Matter of Justice v Gamache,* 45 AD3d 508, 511 [2007]). Likewise, the failure to include an affidavit along with a certificate of nomination under analogous provisions of the Election Law has been held to constitute a fatal defect (*see e.g. Matter of McCormack v Jablonski,* 132 AD3d 921, 923 [2015]; *Matter of Dadey v Czarny,* 132 AD3d 1427, 1428-1429 [2015]; *Matter of Grasso v Cleveland,* 132 AD3d 1059, 1061 [2015]).

The printed names of the Committee members here were not the equivalent of signatures establishing that they were attesting to the truth of the information contained in the certificates or that they constituted a majority of the Committee. Such deficiency was not a mere error in form (*compare Matter of Hazell v Board of Elections of State of N.Y.,* 224 AD2d 806, 807 [1996], *lv denied* 87 NY2d 808 [1996]); indeed, its practical effect was as though the affidavit explicitly required by statute was never filed. Moreover, the deficiency was not cured by the other sections of the certificates because even though the members' signatures appeared in the first section, their signatures were not notarized and they did not attest to the accuracy of the information contained therein or represent that they constituted a majority of the Committee (*see e.g. Matter of Griffin v Torres,* 131 AD3d at 632). Notwithstanding respondents' contention that the preprinted form provided by the Board is confusing, this does not relieve the Committee of its obligation to comply with the statutory requirements (*see Matter of Landry v Mansion,* 65 AD3d at 805). Accordingly, we conclude that Supreme Court properly invalidated the certificates of substitution for failure to comply with the requirements of Election Law § 6-148 (4).

As alternative relief, and for the first time on appeal, respondents request that this Court, in the interest of justice, direct the Board to provide the Democratic Party an opportunity to ballot with respect to the public offices at issue in the upcoming primary election. The Court of Appeals has recognized that this is an equitable remedy "designed to give effect to the intention manifested by qualified party members to nominate some candidate, where that intention would otherwise be thwarted by the presence of technical, but fatal defects in designating petitions, leaving the political party without a designated candidate for a given office" (*Matter of Harden v Board of Elections in City of N.Y.,* 74 NY2d 796, 797 [1989]; *see Matter of Griffin v Torres,* 131 AD3d at 632-633; *Matter of Landry v Mansion,* 65 AD3d at 805). Petitioners will appear on the ballot as the Democratic Party candidates for the public offices at issue

and, inasmuch as the registered voters of the Democratic Party will therefore not be disenfranchised by invalidation of the certificates, we decline to grant the equitable relief requested (*see Matter of Marafito v McDonough*, 153 AD3d 1123 [2017] [decided herewith]; *compare Matter of Griffin v Torres*, 131 AD3d at 632; *Matter of Landry v Mansion*, 65 AD3d at 806).

Garry, J.P., Rose, Devine, Clark and Pritzker, JJ., concur. Ordered that the order is affirmed, without costs.