Matter of Augostini v Bernstein (2019 NY Slip Op 04312)





Matter of Augostini v Bernstein


2019 NY Slip Op 04312


Decided on May 30, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


740.2 CAE 19-01008

[*1]IN THE MATTER OF SONDRA M. AUGOSTINI, PETITIONER-RESPONDENT,
v
ALAN BERNSTEIN, DONNA M. VICKMAN, GINGER D. SCHRÖDER, ET AL., RESPONDENTS-APPELLANTS, CATTARAUGUS COUNTY BOARD OF ELECTIONS, KEVIN C. BURLESON AND CORTNEY SPITTLER, COMMISSIONERS OF AND CONSTITUTING THE CATTARAUGUS COUNTY BOARD OF ELECTIONS, RESPONDENTS-RESPONDENTS, CATTARAUGUS COUNTY INDEPENDENCE PARTY, ET AL., RESPONDENTS. 






SHANE AND FIRKEL PC, OLEAN (ERIC M. FIRKEL OF COUNSEL), FOR RESPONDENTS-APPELLANTS ALAN BERNSTEIN, ET AL. 
SCHRÖDER, JOSEPH & ASSOCIATES, LLP, BUFFALO (GINGER D. SCHRÖDER OF COUNSEL), FOR RESPONDENTS-APPELLANTS DONNA M. VICKMAN AND GINGER D. SCHRÖDER.
LEWIS & LEWIS, P.C., OLEAN (EDWARD A. SUNDQUIST OF COUNSEL), FOR PETITIONER-RESPONDENT. 
RALPH M. MOHR, LANCASTER, FOR RESPONDENT-RESPONDENT CORTNEY SPITTLER, COMMISSIONER OF AND CONSTITUTING THE CATTARAUGUS COUNTY BOARD OF ELECTIONS. 
JEROME D. SCHAD, WILLIAMSVILLE, FOR RESPONDENT-RESPONDENT KEVIN C. BURLESON, COMMISSIONER OF AND CONSTITUTING THE CATTARAUGUS COUNTY BOARD OF ELECTIONS.


 Appeal from an order (denominated judgment) of the Supreme Court, Cattaraugus County (Dennis Ward, J.), entered May 20, 2019 in a proceeding pursuant to Election Law article 16. The order, insofar as appealed from, granted the petition in part. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the petition is dismissed in its entirety.
Memorandum: Petitioner commenced this proceeding pursuant to Election Law article 16 seeking an order invalidating a certificate of authorization (authorization) issued by respondent Cattaraugus County Independence Party (Party), and the designating petitions of certain candidates alleged to have been named therein (candidate respondents). According to the authorization, the candidates designated therein were authorized at the Party's March 2, 2019 meeting. However, petitioner alleged that one of the candidate respondents, Donna M. Vickman, could not have been authorized at that meeting because the office for which she was running was not yet vacant on that date. Petitioner further alleged that the chairwoman and secretary of the Party knew or had reason to know that Vickman was not authorized on March 2, but nevertheless submitted the authorization and, thus, the entire authorization should be invalidated because it was permeated with fraud. Supreme Court agreed with petitioner and issued an order invalidating the authorization and designating petitions with respect to all but one candidate [*2]respondent, who had been named as a party but was, in fact, not included on the authorization. Candidate respondents appeal.
At the outset, we reject petitioner's contention that the order appealed from was one entered on default, from which no appeal would lie (see generally Vaca v Village View Hous. Corp., 170 AD3d 619, 620 [1st Dept 2019]; Matter of 144 Stuyvesant, LLC v Goncalves, 119 AD3d 695, 696 [2d Dept 2014]).
We agree with candidate respondents that the court improperly struck their answer, filed on April 24, 2019, based on alleged defects in the verification and denials. CPLR 3026 provides that "[p]leadings shall be liberally construed" and that "[d]efects shall be ignored if a substantial right of a party is not prejudiced." Here, we conclude that petitioner did not establish substantial prejudice from any alleged defect in the verification, and thus candidate respondents' answer should not have been stricken on that ground (see Matter of Angletti v Morreale, 131 AD3d 808, 810 [4th Dept 2015], affd 25 NY3d 794 [2015]; Matter of Harder v Kuhn, 153 AD3d 1119, 1120 [3d Dept 2017]; cf. Matter of Atwood v Pridgen, 142 AD3d 1278, 1279 [4th Dept 2016], lv denied 28 NY3d 945 [2016]; see generally CPLR 3020 [d]). Moreover, "the CPLR does not provide for the striking of improper denials" (Gilberg v Lennon, 193 AD2d 646, 646 [2d Dept 1993]).
Furthermore, we note that candidate respondents properly raised standing as an affirmative defense in their April 24 answer, and we agree with candidate respondents that petitioner lacked standing to commence this proceeding pursuant to Election Law article 16. A condition precedent to commencing a proceeding as an objector pursuant to section 16-102 is compliance with the requirements of section 6-154, including that the objector be a "voter registered to vote for such public office" (§ 6-154 [2]).
Here, petitioner served her specifications of objections upon Vickman and upon the chairwoman and the secretary of the Party only, and not on any of the other candidate respondents listed on the authorization. Petitioner, however, lacked standing to challenge the designating petition of Vickman or to challenge the authorization as it pertained to Vickman, who was running for public office in the Town of Farmersville, because petitioner was not a resident of that town (see Election Law § 6-154 [2]; Matter of Liotti v Nassau County Bd. of Elections, 171 AD2d 769, 769 [2d Dept 1991]; see also Matter of Luthmann v Gulino, 131 AD3d 636, 637 [2d Dept 2015], lv denied 25 NY3d 914 [2015]).
In addition, because petitioner served her specifications of objections upon Vickman and upon the chairwoman and the secretary of the Party only, we conclude that petitioner lacked any other basis for standing to challenge the authorization (cf. Matter of Hardwick v Ward, 109 AD3d 1223, 1224 [4th Dept 2013], lv denied 22 NY3d 851 [2013]). Under the circumstances, petitioner lacks standing to challenge the authorization, and thus petitioner's challenge to the designating petitions of the other candidate respondents is foreclosed inasmuch as it is based on the challenge to the authorization on which they were included. We thus conclude that the order should be reversed insofar as appealed from and the petition dismissed. In view of our determination, we do not address candidate respondents' remaining contentions.
Entered: May 30, 2019
Mark W. Bennett
Clerk of the Court